**Sukhdev Singh PANDHER, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–74844.

United States Court of Appeals, Ninth Circuit.

Submitted May 15, 2006.*

Decided May 22, 2006.

Martin Resendez Guajardo, Esq., Law Office of Martin Resendez Guajardo, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA; Harold M. Sklar, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: B. FLETCHER, TROTT, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Sukhdev Singh Pandher, a native and citizen of India, petitions for review of the

---

courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

Board of Immigration Appeals' ("BIA") decision dismissing his appeal from an immigration judge's ("IJ") order denying his applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the BIA's denial of an application for asylum on the ground that the alien has not established eligibility. *See Meza–Manay v. INS,* 139 F.3d 759, 762 (9th Cir.1998). We deny the petition for review.

Substantial evidence supports the conclusion that Pandher failed to establish past persecution or a well-founded fear of future persecution on account of an enumerated ground. *See INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Pandher was arrested and beaten after militants who were riding in his vehicle fled from, and exchanged gunfire with, the police. On two occasions after his release, the police came to Pandher's residence searching for him, in connection to the militants. He was not present on either occasion. Where there is evidence of a legitimate prosecutorial purpose, foreign authorities enjoy much latitude in vigorously enforcing their laws. *See Dinu v. Ashcroft,* 372 F.3d 1041, 1043–44 (9th Cir.2004) (legitimate prosecutorial purpose existed for a "heavy-handed" investigation of shootings during civil uprising).

Because Pandher failed to establish eligibility for asylum, he has not met the more stringent standard for withholding of removal. *See Pedro–Mateo v. INS,* 224 F.3d 1147, 1150 (9th Cir.2000).

Finally, Pandher is not entitled to relief under CAT because he did not demonstrate that it was more likely than not that

he would be tortured if he returned to India. *See Kamalthas v. INS,* 251 F.3d 1279, 1284 (9th Cir.2001).

**PETITION FOR REVIEW DENIED.**

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publi-

cation and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.